# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AUTO-OWNERS INSURANCE COMPANY,**

    **Plaintiff,**

-vs-                                              Case No. 6:08-cv-1454-Orl-19DAB

**ACE ELECTRICAL SERVICE, INC.,**
**CHARLES R. DEPARI, JR.,**
**DONNA M. DEPARI,**
**STEVEN L. KIRSCHT,**

    **Defendants.**

_____

**ACE ELECTRICAL SERVICE, INC.**

    **Third Party Plaintiff**

-vs-

**CITY OF DAYTONA BEACH,**

    **Third Party Defendant.**

_____

**CITY OF DAYTONA BEACH,**

    **Fourth Party Plaintiff**

-vs-

**DICKENS AND ASSOCIATES, INC.,**
**STEPHEN P. BYRNE,**

    **Fourth Party Defendants.**

_____

## ORDER

This case comes before the Court on the Motion to Strike the City of Daytona Beach's Demand for Attorney's Fees by Fourth Party Defendant Stephen P. Byrne. (Doc. No. 80, filed Oct. 13, 2009.) No party filed a response in opposition in accordance with Local Rule 3.01(b).

## Background

The dispute underlying this case concerns a surety bond provided by Auto-Owners Insurance Company ("AOIC") on behalf of a contractor, Ace Electrical Service, Inc. ("Ace"). Ace contracted with the City of Daytona Beach ("City") to work on a project at the Halifax Harbor Marina that involved, among other things, the installation of electrical wiring. (Doc. No. 18 ¶¶ 9-12, filed Oct. 10, 2008.) At some point, Ace advised the City that it could not finish the work because it believed that the electrical wiring specified in the design plan violated applicable building codes. (*Id.* ¶ 12.) Ace informed the City that it would need an additional $30,810.00 to complete the project with the proper wiring. (*Id.* ¶ 13.) The City disagreed with Ace's evaluation of the design plan and instructed Ace to either finish the project as planned or absorb the additional costs. (*Id.* ¶¶ 12-15.) After Ace refused to comply with the City's demands, the City declared Ace in default and stated its intent to collect the surety bond. (*Id.* ¶ 17.) AOIC subsequently sued Ace for damages arising from the loss of the bond; Ace impled the City under Federal Rule of Civil Procedure 14 on claims for breach of contract and indemnification; and the City impled both the project designer, Dickens and Associates, Inc., and a Dickens employee, Stephen P. Byrne ("Byrne"), under the same rule asserting claims for indemnification and malpractice. (Doc. Nos. 68-69, filed Sept. 1, 2009.)

In the Motion currently before the Court, Byrne seeks to strike the City of Daytona Beach's demand for attorney's fees, alleging that the City fails to state a sufficient basis for such an award. (Doc. No. 80.)

**Standard of Review**

**I. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla 1996).

**II. Motion to Dismiss**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

In Count II of the Fourth Party Complaint, the City seeks an award of attorney's fees from Byrne. (Doc. No. 69 ¶ 36.) Count II alleges that Byrne committed professional malpractice by failing to prepare plans and specifications that were constructable, legal, and in compliance with all applicable building and electrical codes. (*Id.* ¶¶ 35-36.) Byrne seeks to strike the request for attorney's fees, alleging that the request is unsupported by Florida law. (Doc. No. 80.)

Motions to strike are generally disfavored by the court and will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. *Williams v. Jader Fuel Co.*, 944 F. 2d 1388, 1400 (7th Cir. 1991); *Esterson v. Broward County Sheriff's Dept.*, No. 09-60280-CIV, 2009 WL 2913255 (S.D. Fla. Sept. 4, 2009) (citing *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *O'Keefe v. Darnell*, 192 F. Supp. 2d 1351, 1354 (M.D. Fla. 2002). Here, the City does not allege, and the Court does not find, the request to be redundant, immaterial, impertinent or scandalous. Furthermore, the City fails to allege, and the record does not demonstrate, that the request for attorney's fees will cause prejudice to one of the parties. Accordingly, the Court declines to strike the City's request for attorney's fees.

It is well-settled that a motion to strike is neither an authorized nor a proper way to dismiss all or part of the complaint. However, where a motion to strike is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion to strike, the Court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion. *E.g., Parker v. Fidelity Sec. Life Ins. Co.*, No. CIV F 06-654 AWI DLB, 2006 WL 2190956 (E.D. Cal. Aug. 1, 2006) (holding that where a motion is in substance a Rule 12(b)(6) motion to dismiss, but is improperly designated as a

Rule 12(f) motion to strike, the Court may convert the Rule 12(f) motion into a Rule 12(b)(6) motion); *Balabanos v. North Am. Inv. Group, Ltd.*, 708 F. Supp. 1488, 1497 (N.D. Ill. 1988) (treating the portions of a motion to strike that attacked the sufficiency of the complaint as a motion to dismiss); *Egan v. Pan Am. World Airways, Inc.*, 62 F.R.D. 710, 712 (S.D. Fla. 1974). Here, the Motion to Strike seeks the dismissal of the request for attorney's fees on the ground that the request is insufficient as a matter of law. Byrne's argument is thus, in substance, a Rule 12(b)(6) motion. Accordingly, the Court will treat the Rule 12(f) motion to strike as a Rule 12(b)(6) motion to dismiss.

Under Florida law, parties to a lawsuit generally bear their own attorney's fees absent a contractual agreement or statute authorizing such recovery. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004); *Plapinger v. Eastern States Props. Realty Corp.*, 716 So. 2d 315 (Fla. 5th DCA 1998); *K & M Electric Supply, Inc., v. Moduplex Corp.*, 686 So. 2d 717, 718 (Fla. 4th DCA 1997). "Attorney's fees cannot be awarded as a matter of equity." *Bauer v. DILIB, Inc.*, 16 So. 3d 318, 320 (Fla. 4th DCA 2009) (quoting *Attorney's Title Ins. Fund, Inc. v. Landa-Posada*, 984 So. 2d 641, 643 (Fla. 3d DCA 2008). In the present case, the City does not plead the existence of a contract authorizing an award of attorney's fees, and the Court is not aware of a statute affording such relief for the conduct alleged.[1] *See Pearlman v. Alexis*, No. 09-20865-CIV, 2009 WL 3161830, at *4 (S.D. Fla. Sept. 25, 2009) (dismissing a prayer for attorney's fees arising out of a claim for professional malpractice where the plaintiff failed to plead the existence of a contract authorizing the award or a statute affording such relief); *Trench Shoring Servs. v. Suckow*, No. 3:06-CV-632-J-33MCR, 2006 WL 2465399, at *1 (M.D. Fla. Aug. 24, 2006) (declining to strike a claim for attorney's fees where the

---

[1] The City failed to file a response in opposition to the Motion to Strike.

Plaintiff specifically pled entitlement to attorney's fees pursuant to Florida's Uniform Trade Secrets Act, Fla. Sta. § 688). Accordingly, the City fails to state a claim for attorney's fees upon which relief can be granted.

## Conclusion

Based on the foregoing, the Motion to Strike the City of Daytona Beach's Demand for Attorney's Fees by Fourth Party Defendant Stephen P. Byrne (Doc. No. 80, filed Oct. 13, 2009), which the Court converts to a Rule 12(b)(6) Motion to Dismiss, is **GRANTED,** and the demand for attorney's fees is **DISMISSED without prejudice**. The City has leave to file an Amended Fourth Party Complaint that comports with this Order within eleven (11) days from the date of this Order. If the City fails to timely submit an Amended Fourth Party Complaint, this action will proceed solely on the well-pled claims under the Fourth Party Complaint.

**DONE** and **ORDERED** in Orlando, Florida on December 30, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties